```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 13-557(DSD/JJK)
```

Quinn Nystrom,

       Plaintiff,

v.                                                         **ORDER**

AmerisourceBergen Drug Corporation,
AmerisourceBergen Group Health and
Welfare Plan (Plan No. 625) and Aetna
Life Insurance Company,

       Defendants.

    Mark A. Smith, Esq., Elizabeth I. Wrobel, Esq. and Wrobel
    & Smith, PLLP, 1599 Selby Avenue, Suite 105, St. Paul, MN
    55105, counsel for plaintiff.

    Patrick H. O'Neill, Jr., Esq. and Larson King, LLP, 30
    East Seventh Street, Suite 2800, St. Paul, MN 55101 and
    Edna S. Kersting, Esq. and Wilson, Elser, Moskowitz,
    Edelman & Dicker, LLP, 55 West Monroe Street, Suite 3800,
    Chicago, IL 60603, counsel for defendants.

    This matter is before the court upon the motion to dismiss by defendant Aetna Life Insurance Company (Aetna). Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

                        **BACKGROUND**

    This insurance benefit dispute arises out of medical care received by plaintiff Quinn Nystrom. Nystrom had health insurance

through an insurance plan (Plan)[1] provided by her former employer, defendant AmerisourceBergen Drug Corporation (AmerisourceBergen). AmerisourceBergen was also the statutory administrator of the Plan. Am. Compl. ¶ 6. Nystrom alleges that Aetna was a third-party service provider and claims administrator to the Plan. Id. ¶ 8.

On June 19, 2012, Nystrom was admitted to Timberline Knolls Residential Treatment Center (Timberline Knolls), an eating disorder treatment center in Lemont, Illinois. Id. ¶ 22. Per the terms of the Plan, Aetna administered the pre-certification process for residential treatment facilities. Id. ¶ 5. As part of that process, Timberline Knolls requested authorization for inpatient treatment from Aetna. Id. ¶ 34. Aetna denied authorization. Id. On June 26, 2012, Nystrom's treating psychiatrist, Dr. Lauren Kofod, participated in a telephonic appeal of the decision, which Aetna denied. Id. ¶ 35. Nystrom again appealed the denial, and Aetna again denied authorization on June 28, 2012. Id. ¶ 37.

On March 11, 2013, Nystrom filed suit, alleging a claim under the Employee Retirement Income Security Act (ERISA). Aetna moves to dismiss.

---

[1] Nystrom also named the Plan as a defendant in this action.

**DISCUSSION**

**I.  Standard of Review**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted). The court does not consider matters outside the pleadings under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record and materials that do not contradict the complaint, as well as materials that are "necessarily embraced by the pleadings." See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted).

## II. ERISA

Nystrom alleges a claim under 29 U.S.C. § 1132(a)(1)(B), which provides that "[a] civil action may be brought ... by a participant or beneficiary ... to recover benefits due to [her] under the terms of [her] plan, to enforce [her] rights under the term of the plan, or to clarify [her] rights to future benefits under the terms of the plan." Aetna argues that dismissal is warranted because the only proper parties to a suit under § 1132(a)(1)(B) are (1) the statutory Plan administrator and (2) the Plan itself. In support, Aetna argues that the statute provides that "[a]ny money judgment under this subchapter against an employee benefit plan *shall be enforceable only against the plan as an entity and shall not be enforceable against any other person* unless liability against such person is established in his individual capacity under this subchapter." Id. § 1132(d)(2) (emphasis added). Indeed, "[t]he employee benefit plan itself is ordinarily liable for benefits payable under the terms of the plan and is thus the primary defendant in a section [1132(a)(1)(B)] action." Ross v. Rail Car Am. Grp. Disability Income Plan, 285 F.3d 735, 740 (8th Cir. 2002) (citations omitted). Additionally, the Eighth Circuit has squarely held that, in addition to the plan itself, a statutory plan administrator may be a proper party to a § 1132(a)(1)(B) action. See Layes v. Mead Corp., 132 F.3d 1246, 1249 (8th Cir. 1998).

4

Nystrom responds that Aetna exercised control over the Plan's decision-making and claims processes and, thus, is a proper party to the suit. The Eighth Circuit has not ruled on "whether some party other than the one designated in the plan instrument can be a 'de facto' administrator of the plan." Hall v. Lhaco, Inc., 140 F.3d 1190, 1195 (8th Cir. 1998) (citation omitted); see id. (noting circuit split and reserving ruling on issue).

The language of the relevant statutory provision, however, imposes no explicit limitations on persons or entities that may be defendants. The only statutory limitations regarding the identities of parties relate to who constitutes a proper plaintiff. See 29 U.S.C. § 1132(a) (identifying "[p]ersons empowered to bring a civil action"); cf. Harris Trust & Sav. Bank v. Salomon Smith Barney Inc., 530 U.S. 238, 246 (2000) (allowing suit against a non-fiduciary under ERISA § 502(a)(3) and noting that "[o]ther provisions of ERISA, by contrast, do expressly address who may be a defendant" (citations omitted)). Because the statute does not expressly limit persons or entities that may be defendants, other circuit courts allow suits against third-party administrators (TPAs) such as Aetna when the TPA exercises "actual control" over the claims. See, e.g., LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc., 703 F.3d 835, 844-45 (5th Cir. 2013); Cyr v. Reliance

5

Standard Life Ins. Co., 642 F.3d 1202, 1205-07 (9th Cir. 2011) (en banc); Gomez-Gonzalez v. Rural Opportunities, Inc., 626 F.3d 654, 665 (1st Cir. 2010).

The court finds the reasoning of these courts persuasive and holds that "a TPA may be held liable ... if it exercises 'actual control' over the benefits claims process." LifeCare Mgmt., 703 F.3d at 844. This conclusion is buttressed by Eighth Circuit dicta noting that the amount of control that a plan administrator exerts is relevant to whether or not they are a proper defendant. See Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997) (per curiam) ("The proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan."), cited with approval in Layes, 132 F.3d at 1249.

Here, Nystrom alleges that Aetna exerted considerable control over the certification decision-making and appeals processes and that Aetna made the ultimate decision to deny coverage. Am. Compl. ¶¶ 34-37. Such allegations, at this stage in the proceedings, are sufficient to state a claim that Aetna exercised "actual control" over the Plan. As a result, dismissal is not warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion to dismiss [ECF No. 8] is denied.

Dated: November 6, 2013

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court